PROB 12C
(7/93)

# United States District Court
**for the**
# District of Alaska

**SUPERCEDING Petition for Warrant or Summons for Offender Under Supervised Release**

Name of Offender: David Johnson | Case Number: A01-0035-CR (JWS)

Sentencing Judicial Officer: John W. Sedwick, Chief U.S. District Court Judge

Date of Original Sentence: September 11, 2001

Original Offense: Possession of Firearms by Prohibited Person

Original Sentence: 24 months imprisonment, 3 years supervised release

Date Supervision Commenced: August 8, 2003

Asst. U.S. Attorney: Karen Loeffler | Defense Attorney: Michele Power

---

## PETITIONING THE COURT

[ ] To issue a warrant ***(A warrant was issued on January 10, 2006, upon the filing of the original petition. The warrant was served and the defendant has remained detained.)***
[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on November 6, 2005, in Deschutes County, Oregon, the defendant committed the crime of Assault in the Fourth Degree **Witnessed by a Minor Child**, a **Class C felony**. This violation is a **Grade A violation.** |
| 2 | The defendant has violated the Mandatory Condition of Supervision number 7, "The defendant shall refrain from excessive use of alcohol," in that on November 6, 2005, in Deschutes County, Oregon, the defendant consumed alcohol to excess. This violation is a Grade C violation. |

3 The defendant has violated the Mandatory Condition of Supervision "The defendant shall pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments," in that the defendant did not submit a **fine** payment for the months of December 2004 and January, February, March, April, May, June, July, August, September, October, and November of 2005. This violation is a Grade C violation.

U.S. Probation Officer Recommendation:

The term of supervised release should be:

[X] Revoked
[ ] Extended for _______ year(s), for a total term of _______ years.

[ ] The conditions of supervised release should be modified as follows:

Respectfully submitted,

Charlene Wortman
U.S. Probation/Pretrial Services Officer
Date: March 2, 2006

Approved by:

Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[ ] *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ] The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[X] Other: The Petition filed as docket 42-1 is superceded by this petition and the original warrant is to remain in effect.

[ ] Other:

**REDACTED SIGNATURE**

John W. Sedwick
Chief U.S. District Court Judge

3-2-06

Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(i), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court

for the

# DISTRICT OF ALASKA

**UNITED STATES OF AMERICA**

vs.

David Johnson

Case Number: A01-0035-CR (JWS)

DECLARATION IN SUPPORT OF PETITION

**SUPERCEDING**

I, Charlene Wortman, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for David Johnson, and in that capacity declare as follows:

On September 11, 2001, the defendant was sentenced to 24 months imprisonment and three (3) years supervised release for the offense of Possession of Firearms by Prohibited Person in violation of 18 U.S.C. § 922(g). His term of supervision commenced August 8, 2003, in the District of Alaska. At that time, the defendant entered into a payment agreement in which he would submit monthly restitution payments in the amount of $50.00.

In February of 2005, the defendant relocated to the District of Oregon for employment and personal reasons.

On April 28, 2005, the defendant was arrested in Redmond, Oregon for the offense of Harrassment.

On September 27, 2005, the Harrassment case was dismissed without prejudice because the county prosecution could not locate the victim. At that time, the defendant told his probation officer in Oregon that he no longer had contact with the victim.

On October 28, 2005, the U.S. Probation Officer in Oregon requested verification of the defendant's **fine** payments. The defendant had told her that he had continued to submit payments since moving to Oregon. The defendant's payment history was obtained from the Financial Litigation Unit of the U.S. Attorney's Office in the District of Alaska which showed that the defendant had not submitted a payment in almost a year. When the probation officer in Oregon confronted the defendant with this information, he admitted he had not submitted payments.

On November 6, 2005, the defendant was arrested in Oregon and charged with the crimes of Assault in the Third Degree (a felony), Assault in the Fourth Degree Witnessed by a Minor Child (a felony), Interfering with Making a Report, and Menacing (Domestic Violence). According to the police report, police responded to a domestic dispute. The female victim (who was the same

victim in the April 28th incident) was contacted and was observed to have both eyes blackened and most of her face bruised. Officers also noticed that her neck was red. She was crying and stated she was not going to take it anymore. Her 8-year-old son was with her. She reported that the defendant threatened to kill her and dump her in the river. The victim explained that the defendant had been drinking alcohol and they began arguing. The defendant hit her in the nose and on the left cheek area and took the phone away from her when she tried to call the police. She stated that most of her injuries occurred a week and a half ago at a motel they stayed at for two days. At that time, her son was sleeping in the bathtub. The defendant told him to leave the room, then closed the door and beat the victim up. She stated this was how her eyes were blackened and that he grabbed her throat both times (she was also beaten the previous day). The victim was taken to the hospital where the following injuries were noted: deep bruising on the right side of her eye and cheek, slight bruising on the left side of her face and into her hair line, small scratches on her face and forehead, a bruise on the left side of her throat, bruises on both hands, a bloody finger from the offender biting her, bruises on her back and buttock area, red scratches on the middle of her spine, red marks on her neck and upper chest, a bruise on her upper chest, a bruise on her left forearm and behind the knee area of her leg. After the doctor asked, the victim stated that she had been hit in the stomach, knocking the wind out of her. The doctor reported that the injuries appeared to be from more than two episodes of assault and the injuries showed various stages of healing. The victim's son was interviewed and stated that the defendant was "beating up his mother hard." He saw the defendant hit his mother and there was a lot of punching. His mother had a bloody nose and the defendant told her he was going to slit her throat, then his (unclear of this meant the offender's or the boy's). The boy stated that the defendant is usually nice but that the defendant had drank three big glasses of vodka. He said the defendant has hurt his mother six times. The boy stated he was scared of the defendant and wanted the defendant gone forever, as he thinks the defendant will kill his mother. The boy stated he used to cry when the abuse first happened, but has since became used to it. He has seen the defendant pull his mother's hair and strangle her.

On January 3, 2006, the defendant pled guilty to Assault in the Fourth Degree **Witnessed by a Minor Child**, a **Class C felony**. He received a sentence of 58 days imprisonment with credit for time served, 36 months probation, and was ordered to complete an Anger Management program.

The defendant was released from jail in Oregon, since he had already served the 58 days imposed.

On January 10, 2006, a Petition for Warrant for Offender Under Supervised Release was filed and a warrant was issued.

On January 12, 2006, the warrant was served by U.S. Marshals in the District of Oregon.

**On February 16, 2006, the defendant appeared in front of U.S. Magistrate Judge Roberts for an Initial Hearing. During the hearing, the original petition was corrected on record to reflect that the defendant had been convicted in the State of Oregon of a Class C felony; and therefore it alleged that he violated conditions of supervision by committing a Grade A violation since the Class C felony was a crime of violence punishable by a term of**

**imprisonment of up to five (5) years and a $125,000 fine.**

**The defendant entered denials to the allegations and an Evidentiary Hearing is scheduled for March 2, 2006, at 2:00 p.m. in front of U.S. Magistrate Judge Roberts.**

**The Government requested the probation officer submit a corrected petition to clearly reflect the changes in the allegations against the defendant.**

Executed this 2nd day of March, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Charlene Wortman
Charlene Wortman
U.S. Probation Officer