UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　　Plaintiff,<br>vs.<br><br>DAVID JOHNSON,<br><br>　　　　　　Defendant. | 3-01-cr-00035-JWS-JDR<br><br>**RECOMMENDATION<br>REGARDING<br>PETITION TO REVOKE<br>SUPERVISED RELEASE**<br><br>(Docket Nos. 42, 49) |

　　　　Defendant David Johnson is alleged to have violated supervised release in a three-count superseding petition filed March 2, 2006, at doc. 49. Mr. Johnson denied the allegations and an evidentiary hearing pursuant to D.Ak.L.CrR. 32.1 (a)(2), was conducted on March 2, 2006, before the magistrate judge. Upon due consideration of the evidence adduced and arguments of counsel, the magistrate judge recommends that the court adopt findings of fact and conclusions of law as set

forth below, finding that the government's evidence is sufficient as to count 1 of the superseding petition and insufficient as to counts 2 and 3.

## Findings of Fact

David Johnson was sentenced by the Honorable John W. Sedwick on September 11, 2001, for the offense of possession of firearms by a prohibited person in violation of 18 U.S.C. §922(g). The original sentence included 24 months' imprisonment followed by three years of supervised release. Johnson's term of supervision began August 8, 2003, in the District of Alaska. At that time he entered into a payment agreement in which he would submit monthly fine payments in the amount of $50 per month. The judgment included a $5,000 fine and a $100 special assessment. The first payment in the amount of $50 was due September 15, 2003, with subsequent monthly payments due on the 15th of each month starting October 15, 2003. *See*, document entitled "Payment Instructions," Plaintiff's Exh. 1.

A mandatory condition of supervision provided that Johnson "not commit another federal, state, or local crime." Mandatory provision of supervision 7 provided: "The defendant shall refrain from excessive use of alcohol . . . ." Another mandatory conditions of supervision provided that the defendant pay any fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the schedule of payments [determined by the probation office].

3-01-cr-00035-JWS-JDR JOHNSON @42&49 RR Petition to Revoke Supervised Release.wpd

2

3-01-cr-00035-JWS-JDR   RR @42,49 Re Revocation of Supervised Release   
Signed by Judge John D. Roberts   04/03/2006; Page 2 of 10

The superseding petition to revoke alleges three violations of supervised release:

(1) The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on November 6, 2005, in Deschutes County, Oregon, the defendant committed the crime of Assault in the Fourth Degree **Witnessed by a Minor Child, a Class C felony**. This violation is a **Grade A violation.**

(2) The defendant has violated the Mandatory Condition of Supervision number 7, "The defendant shall refrain from excessive use of alcohol," in that on November 6, 2005, in Deschutes County, Oregon, the defendant consumed alcohol to excess. This violation is a Grade C violation.

(3) The defendant has violated the Mandatory Condition of Supervision "The defendant shall pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments," in that the defendant did not submit a **fine** payment for the months of December 2004, and January, February, March, April, May, June, July, August, September, October, and November of 2005. This violation is a Grade C violation. (Emphasis in original.)

Revocation is an exercise of broad discretionary power by the trial court akin to that used in imposing a probation sentence initially. Compare Burns v. United States, 287 U.S. 216, 221 (1932); Gagnon v. Scarpelli, 411 U.S. 778, 784 (1973); United States v. Dane, 570 F.2d 840, 845 (9th Cir. 1977). Revocation proceedings are not criminal proceedings. Evidence that would establish guilt

3-01-cr-00035-JWS-JDR JOHNSON @42&49 RR Petition to Revoke Supervised Release.wpd

3

RR @42,49 Re Revocation of Supervised Release
3-01-cr-00035-JWS-JDR          Signed by Judge John D. Roberts          04/03/2006; Page 3 of 10

beyond a reasonable doubt is not required. Evidence rising to the level of substantial evidence is not even required, absent arbitrary and capricious action in the revocation. What is required is that evidence and facts be such as to reasonably satisfy the judge that the supervisee's conduct has not been as good as required by the conditions imposed. United States v. Francischine, 512 F.2d 827, 829 (5th Cir.) cert. denied 423 U.S. 931 (1975). Thus, the Court must be "reasonably satisfied" that a violation has occurred. United States v. Carrion, 457 F.2d 808, 809 (9th Cir. 1972), cited approvingly in United States v. Lustig, 555 F.2d 751, 753 (9th Cir. 1977). The court applies a preponderance of the evidence standard and the burden of proof is on the government.

      In February 2005 Johnson relocated to the District of Oregon. The U.S. District Court in Bend, Oregon, agreed to conduct courtesy supervision of Johnson at that time. U.S. Probation Officer Charlene Wortman of the Anchorage Probation Office supervised Johnson from August 8, 2003, until his relocation to Oregon in February 2005. Supervision of Johnson was transferred to the District of Oregon but jurisdiction remained with the District Court of Alaska. Johnson's probation officer in Bend, Oregon, was Lucinda Palmer.

      Anchorage Probation Officer Patty Wong reviewed the payment instructions form with Johnson before he signed the document on August 7, 2003. Information obtained by P.O. Wortman from the financial litigation unit of the U.S.

3-01-cr-00035-JWS-JDR JOHNSON @42&49 RR Petition to Revoke Supervised Release.wpd    4

RR @42,49 Re Revocation of Supervised Release
3-01-cr-00035-JWS-JDR    Signed by Judge John D. Roberts    04/03/2006; Page 4 of 10

Attorney's Office reflects that Johnson made monthly payments up to November 23, 2004, and made no payments after that, including the time Johnson resided in Oregon.  S*ee*, payment history report, Plaintiff's Exh. 2. The evidence does not address whether Johnson had the financial means of making the $50 monthly payments during the months he made no payments.

P.O. Wortman received from Johnson's probation officer at Bend, Oregon, Lucinda Palmer, a copy of a judgment entered by a judge of the circuit court of the State of Oregon for the county of Deschutes on January 6, 2006 styled "State of Oregon v. David Michael Johnson, defendant," case no. 05FE1743MA. The judgment reflects the appearance of David Michael Johnson for sentencing for the offense of assault in the fourth degree - witnessed by a minor child, a felony.  The judgment reflects that the conviction is based on a plea of guilty to one count and that counts 2 through 4 were dismissed.  The judgment further reflects that the crime occurred on or about November 5 or 6, 2005.

## Discussion

Johnson argues that the U.S. Attorney has not presented sufficient evidence to connect him to the aforementioned Oregon judgment of conviction.  The government also introduced into evidence a copy of a Redmond police report.  The police report is dated November 6, 2005, a date which is consistent with the date of offense reflected on the judgment, Plaintiff's Exh. 3.  The report is consistent with

3-01-cr-00035-JWS-JDR JOHNSON @42&49 RR Petition to Revoke Supervised Release.wpd                    5

3-01-cr-00035-JWS-JDR    RR @42,49 Re Revocation of Supervised Release
Signed by Judge John D. Roberts    04/03/2006; Page 5 of 10

respect to the dismissed counts of the State judgment including domestic violence and interfering with making a report.  The report contains the height, weight, hair color, and eye color of the defendant which is consistent with the physical characteristics of the defendant Johnson now before this court.  The police report provides the date of birth, November 19, 1954, which is also consistent with the pre-sentence report in the instant case.  In a discussion over the telephone P.O. Palmer told P.O. Wortman that Palmer had met with her probationer, Johnson, and discussed the assault charge at issue.  P.O. Palmer further relayed to P.O. Wortman that Johnson had admitted to her that he had slapped and punched the victim.  I am satisfied by a preponderance of the evidence that the crime of assault in the fourth degree described in count 1 of the superseding petition was committed by the defendant in the case before this court, case no. A01-0035 CR (JWS).

        Johnson argues that the copy of the judgment is a faxed copy, not a certified copy.  I determine that that goes to the matter of weight; a certified copy is not required.  There is no evidence before the court to question whether such a judgment was entered by the circuit court of Oregon.  Because I determine that the evidence is sufficient before this court to conclude that Johnson was convicted of the crime of assault in the fourth degree witnessed by a minor child in violation of Oregon State law, the court need not address Johnson's arguments that there was insufficient evidence before the Oregon court to prove the assault offense.  The

3-01-cr-00035-JWS-JDR JOHNSON @42&49 RR Petition to Revoke Supervised Release.wpd

6

RR @42,49 Re Revocation of Supervised Release
3-01-cr-00035-JWS-JDR    Signed by Judge John D. Roberts    04/03/2006; Page 6 of 10

judgment reflects that Johnson pled guilty and the judgment of record is prima facie evidence that the conviction is lawful.  Any challenge to the lawfulness of the conviction must be brought by the defendant in the Oregon court.

Johnson argues that the probation office has erroneously characterized allegation number 1 in the superseding petition as a Grade A violation.  He argues that the government has not shown that the crime of assault in the fourth degree witnessed by a minor child is a Class C felony under Oregon State law.  Under Oregon law, Or. Rev. Stat. § 163.160, the crime of assault in the fourth degree which is normally a Class A misdemeanor becomes a Class C felony if a person commits the crime of assault in the fourth degree in the immediate presence of or as witnessed by, the person's or the victim's minor child, stepchild, or a minor child residing within the household of the person or victim.  Johnson has not offered any legal points or authorities to contradict the probation office's reliance on  Or. Rev. Stat. § 163.160(3)(c).

The government has not met its burden of proving that Johnson failed to make a fine payment while he had the financial means of doing so.  There is no evidence whatsoever about Mr. Johnson's financial status, either income or expenditures.  There is no evidence of any correspondence by the government with Johnson regarding the absence of payments during the months of December 2004 through November 2005.  I conclude that the court should not revoke supervised

3-01-cr-00035-JWS-JDR JOHNSON @42&49 RR Petition to Revoke Supervised Release.wpd    7

RR @42,49 Re Revocation of Supervised Release
3-01-cr-00035-JWS-JDR    Signed by Judge John D. Roberts    04/03/2006; Page 7 of 10

release on the mere showing that the defendant has not made fine payments as ordered. I conclude that in the context of supervised release, it is the government's burden to show that the defendant can afford to make a fine payment and failed to do so.

    The government relies upon the police report to substantiate its allegation that Johnson violated the condition of supervision that he refrain from excessive use of alcohol. Condition of supervision number 7 requires the defendant to refrain from "excessive use" of alcohol. Allegation number 2 alleges that Johnson consumed alcohol to excess. The police report of Officer Shelley Prince reflects that Tambra Parshall told the officer that Johnson had been drinking and they started arguing. The report reflects that Tambra told Dr. Josh Cook when he examined her for injuries from the domestic dispute that she (Tambra) had five mixed drinks of vodka and tiki punch. Finally, the report reflects that Tanner Parshall, 8 years old, told the police officer that "David is usually nice, but he drank three big glasses of vodka."

    No transcript or proceedings before the Oregon State Court have been offered to reflect any probing of the consumption of alcohol by Johnson on or about November 5 or 6, 2005. Although the witnesses' statements may be sufficient to conclude that Johnson consumed alcohol on November 6, 2005, I reject the statements as satisfactory to prove that Johnson consumed alcohol to excess.

3-01-cr-00035-JWS-JDR JOHNSON @42&49 RR Petition to Revoke Supervised Release.wpd   8

RR @42,49 Re Revocation of Supervised Release
3-01-cr-00035-JWS-JDR   Signed by Judge John D. Roberts   04/03/2006; Page 8 of 10

Tanner Parshall addressed the quantity of alcohol consumed by Johnson, but her statement does not indicate the period of time alcohol was consumed, or the strength of the drinks. The child apparently was not cross-examined on exactly how much the child saw Johnson consume on that occasion. Accordingly, the magistrate judge recommends the court dismiss Counts 2 and 3 for lack of sufficient evidence, and revoke Johnson's supervised release for committing a Class C felony while on supervision. IT IS SO RECOMMENDED.

DATED this 3rd day of April, 2006, at Anchorage, Alaska.

/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON, Monday, April 10, 2006**, to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected

3-01-cr-00035-JWS-JDR JOHNSON @42&49 RR Petition to Revoke Supervised Release.wpd    9

RR @42,49 Re Revocation of Supervised Release
3-01-cr-00035-JWS-JDR    Signed by Judge John D. Roberts    04/03/2006; Page 9 of 10

to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before **NOON, April 14, 2006**. The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).

3-01-cr-00035-JWS-JDR JOHNSON @42&49 RR Petition to Revoke Supervised Release.wpd    10

RR @42,49 Re Revocation of Supervised Release
3-01-cr-00035-JWS-JDR    Signed by Judge John D. Roberts    04/03/2006; Page 10 of 10