Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID MICHAEL JOHNSON,<br><br>    Defendant. | Case No. 3:01-cr-0035-JWS-JDR<br><br>**MR. JOHNSON'S OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATION REGARDING PETITION TO REVOKE SUPERVISED RELEASE** |

      David Johnson was originally charged with violation of supervised release in a three-count superseding petition.  After an evidentiary hearing conducted on March 2, 2006, the magistrate judge recommenced that the evidence presented by the government was sufficient as to Count 1 of the superseding petition, but insufficient as to Counts 2 or 3.

      Mr. Johnson respectfully objects to the recommendation that the evidence was sufficient to support Count 1 of the superseding petition.  Even if a violation of supervised release was established as to Count 1, the evidence was insufficient to establish a finding of a Grade A violation.

Mr. Johnson maintains the same position he took at the evidentiary hearing, that the government failed to provide the proper foundation and authentication to establish that the judgment submitted as Exhibit 3 at the evidentiary hearing applied to the defendant in this case. The faxed copy of the judgment presented has the name of "David Michael Johnson" in the caption, but no other identifying information. There is no date of birth, social security number, physical description, photograph, or fingerprint identifiers in the judgment.

Even if this court was satisfied that Mr. Johnson was convicted of a crime in the state of Oregon, as a matter of law that should not be considered a Grade A violation.

The United States Sentencing Guidelines define a Grade A violation as "conduct constituting a federal, state, or local offense punishable by a term of imprisonment exceeding one year . . . ." USSG § 7B1.1. In this case, the offense was <u>not</u> punishable by a term of imprisonment exceeding one year. The presumptive sentence was 36 months probation, with a maximum term of imprisonment of 180 days.

In <u>United States v. Moreno-Hernandez</u>, 419 F.3d 906 (9th Cir. 2005), cited by Mr. Johnson at the evidentiary hearing, the Ninth Circuit considered the argument that after <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), a defendant charged with Assault in the Fourth Degree under Oregon law faces as a maximum sentence the maximum specified by the Oregon sentencing guidelines. The presumptive guideline sentence in <u>Moreno-Hernandez</u>, thirty-six months of probation and a maximum of 180 days in jail, is the same as in this case.

The <u>Moreno-Hernandez</u> court found that Moreno-Hernandez could not prevail because he was sentenced for the Assault in the Fourth Degree prior to the <u>Blakely</u> decision. "[A]t the time of Moreno-Hernandez's prior conviction, the statutory maximum for his offense was greater than one year, and Oregon law did not necessarily preclude the imposition of an actual sentence of more than one year." <u>Moreno-Hernandez</u>, 419 F.3d at 915.

However, Oregon law has changed in light of the <u>Blakely</u> decision, and the presumptive range in the state guidelines is now the maximum sentence available. <u>See</u> <u>State v. Dilts</u>, 337 Or. 645, 103 P.3d 95 (2004), <u>cited in</u> <u>Moreno-Hernandez</u>, 419 F.3d at 915. Thus, the maximum term of imprisonment in this case was 180 days, since the sentencing in the Oregon court was after the <u>Dilts</u> decision.

An audio recording of the sentencing in the Oregon court indicates that the offense level is 6 and the criminal history category is F. Mr. Johnson has moved in a separate pleading that this audio recording be admitted into evidence as Exhibit A hereto. The presumptive range under the Oregon guidelines is 36 months probation, and a maximum term of imprisonment of 180 days. <u>See</u> Oregon Sentencing Grid, attached as Exhibit B. Thus, any violation can only be considered a Grade C violation under the Sentencing Guidelines.

///

///

DATED at Anchorage, Alaska, this 10th day of April, 2006.

Respectfully submitted,

s/Rich Curtner
Federal Defender
Alaska Bar No. 8706013
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail: rich_curtner@fd.org

Certification:

I certify that on April 10, 2006,
a copy of this document was
served electronically on:

Crandon Randell, Esq.
Assistant United States Attorney

s/Rich Curtner