DEBORAH M. SMITH
United States Attorney

KAREN L. LOEFFLER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
email: karen.loeffler@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:01-cr-035-JWS-JDR |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S RESPONSE** |
| | ) | **TO DEFENDANT'S** |
| vs. | ) | **OBJECTIONS TO** |
| | ) | **MAGISTRATE JUDGE'S** |
| DAVID MICHAEL JOHNSON, | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| Defendants. | ) | |
| | ) | |

COMES NOW, the United States of America, by and through counsel and submits its response to defendant's objections to the Magistrate Judge's Report and Recommendation Regarding Petition to Revoke Probation.

ARGUMENT

The Magistrate Judge has found that defendant was convicted of assault in the 4th degree witness by a minor child – a felony under Oregon law.  Defendant

challenges that finding alleging that there is insufficient evidence that he was the person represented in the judgement of conviction and further alleges that the definition of felony turns on the applicable Oregon sentencing guidelines as opposed the maximum statutory penalty set forth in the Oregon statute.  The government here responds to the latter, legal, argument and relies on the Magistrate Judge's Report and Recommendation for the factual findings on the former argument.  The government would just note, as to the former point, that defendant apparently produced no evidence whatsoever suggesting that he is not the person convicted in Oregon; he simply argues that the government should be forced to add to the pile of unrebutted evidence that he is the person referred to in the judgment.

Relying on United States v. Moreno-Hernandez, 419 F.3d 906 (9th Cir. 2005), Johnson argues that whether the state conviction is a felony turns on the Oregon guidelines and not the statutory maximum.  He further claims that this result is compelled by the principles of Blakely v. Washington, 542 U.S. 296 (2004). In Moreno-Hernandez, however, the court **held** the opposite.  It found that the Oregon assault statute was a felony where the assault was witnessed by a child because, in that event, the conviction carried a statutory maximum of 5 years.  Similarly, in United States v. Rios-Beltran, 361 F.3d 1204, 1208 (9th Cir. 2004) the

court rejected a similar claim that felony status for federal purposes turns on the maximum actual punishment faced by a defendant under guideline sentencing. The court noted: "The actual sentence imposed on an individual for a prior conviction, or the actual sentence that could have potentially been imposed based on particular facts of that person's case, is not the relevant inquiry." Id. Since it appears that no court has adopted defendant's theory, there is no legal reason to assume that the long established and standard definition of felony has been altered. The Magistrate Judge's legal analysis is correct.

RESPECTFULLY SUBMITTED this day, April 14, 2006, in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney


s/Karen Loeffler
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
email: karen.loeffler@usdoj.gov

**CERTIFICATE OF SERVICE**
I hereby certify that on April 14, 2006, a copy of the foregoing,
was served, electronically, on: **Michael Dieni**

s/Karen Loeffler