UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br>vs.<br><br>DAVID JOHNSON,<br><br>            Defendant. | 3-01-cr-00035-JWS-JDR<br><br>**AMENDED RECOMMENDATION REGARDING PETITION TO REVOKE SUPERVISED RELEASE**<br><br>(Docket Nos. 42, 49) |

Defendant David Johnson has timely filed objections to the recommendation addressing the pending petition to revoke supervised release. Docket entry 56. The government filed a response at docket entry 59. Upon due consideration of the objections, the magistrate judge amends the recommendation as set forth below.

AMENDED RR@42-49 Petition for Revocation of Supervised Release
Signed by Judge John D. Roberts
3-01-cr-00035-JWS-JDR                                                                05/09/2006; Page 1 of 9

Pursuant to Johnson's request to admit an audio recording in support of his objections, the magistrate judge admitted the recording which contains about 1.5 minutes of the sentencing of Mr. Johnson on January 6, 2006, in a case styled State of Oregon v. David Michael Johnson, case no. 05FE1743MA. Johnson had a criminal history classification of "F" and crime seriousness of "6" for a conviction of assault 4th degree witnessed by a minor child. Based on the scoring he could have been sentenced to no more than 180 days in jail under the Oregon sentencing guidelines, unless the court found a departure. At his change of plea hearing he would have been advised that the statutory maximum was 5 years. Johnson argues that even if this federal court is satisfied that he was convicted of a crime in the State of Oregon, as a matter of law the crime should be considered a Grade C not a Grade A violation for purposes of disposition of his revocation petition. This issue was not fully addressed by the parties or the court prior to the initial recommendation.

## Discussion

The United States Sentencing Guidelines define a Grade A violation for purposes of revocation of supervision in relevant part as "**conduct** constituting . . . a federal, state, or local offense punishable by a term of imprisonment exceeding one year that . . . . is a crime of violence . . . ." U.S.S.G. §7B1.1(a). "A Grade C violation for such purposes is defined as conduct constituting . . . a federal, state, or local offense punishable by a term of imprisonment of one year or less . . . ."

3-01-cr-00035-JWS-JDR JOHNSON @42&49 AMENDED RR Re Petition to Revoke Supervised Release.wpd

2

AMENDED RR@42-49 Petition for Revocation of Supervised Release
3-01-cr-00035-JWS-JDR   Signed by Judge John D. Roberts   05/09/2006; Page 2 of 9

Johnson argues that the offense was not punishable by a term of imprisonment exceeding one year because the presumptive sentence considering his criminal history category was 36 months' probation, with a maximum term of imprisonment of 180 days.

In the instant case Johnson argues that because his Oregon conviction came after the Blakely decision, the presumptive range in the Oregon State guidelines became the maximum sentence available. He cites State v. Dilts, (Dilts II) 337 Or. 645, 103 P.3d 95 (Ore. 2004) wherein the Oregon Supreme Court held that imposition of an upward departure sentence violated Dilts' jury trial rights under Blakely v. Washington. According to Dilts II, the Oregon legislature adopted the guidelines that the Oregon Criminal Justice Council promulgated after Blakely. The guidelines describe the presumptive sentence range as the "appropriate punishment" for a crime based on "the seriousness of the crime of conviction . . . and the offender's criminal history." 103 P.3d at 100, *citing*, OAR 213-002-0001(3)(d). In Dilts II, it was undisputed that under Blakely an Oregon trial court may impose a sentence that exceeds the presumptive sentence if the facts on which the increased sentence is based are determined by a jury. 103 P.3d at 100. Dilts II determined that Dilts' sentence was invalid in light of Blakely. Thus, the case was remanded to the trial court for re-sentencing. The Ninth Circuit Court did not determine whether the offense for which Dilts was convicted was a felony or a misdemeanor.

3-01-cr-00035-JWS-JDR JOHNSON @42&49 AMENDED RR Re Petition to Revoke Supervised Release.wpd

3

AMENDED RR@42-49 Petition for Revocation of Supervised Release
3-01-cr-00035-JWS-JDR          Signed by Judge John D. Roberts          05/09/2006; Page 3 of 9

In <u>United States v. Rios-Beltran</u>, 361 F.3d 1204-1208 (9th Cir. 2004) the Ninth Circuit instructed the court to look to the maximum penalty allowed by law "in determining whether a prior **conviction** constitutes an aggravated felony under state law for purposes of §2L1.2." The issue in <u>Rios-Beltran</u> was "whether a prior **conviction** for a criminal offense under Oregon law is properly viewed as punishable by more than one year's imprisonment–and thus treated for federal sentencing purposes as a prior **conviction** for a 'felony'–when the statutory maximum for that offense under Oregon law exceeds one year, but the sentence that can be imposed under Oregon's sentencing guidelines does not." <u>Id.</u> at 1205. The definition of "felony" under U.S.S.G. §2L1.2 means "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." <u>See</u>, commentary 2.

The <u>Rios-Beltran</u> court concluded that "it is the statutory maximum, not the range of sentences applicable under the Oregon sentencing guidelines, that determines whether a given [prior] offense qualifies as a "felony" for the purposes of federal sentencing. 361 F.2d at 1206. "The actual sentence imposed on an individual for a prior conviction, or the actual sentence that could have been imposed based upon the particular facts of that person's case, is not the relevant inquiry." <u>Id.</u> at 1208. The court added that it looks to "the maximum penalty allowed by law in determining whether a prior conviction constitutes an aggravated felony under state law for purposes of §2L1.1." <u>Id.</u> Citing <u>United States v. Corona-Sanchez</u>, 291 F.3d

3-01-cr-00035-JWS-JDR JOHNSON @42&49 AMENDED RR Re Petition to Revoke Supervised Release.wpd    4

AMENDED RR@42-49 Petition for Revocation of Supervised Release
3-01-cr-00035-JWS-JDR    Signed by Judge John D. Roberts    05/09/2006; Page 4 of 9

1201, 1203 (9th Cir. 2002) (en banc) the court observed that federal courts do not examine the facts underlying the prior offense, but "look only to the fact of conviction and the statutory definition of prior offense." *Id.* Johnson's underlying Oregon conviction was for a "felony." *See* United States v. Moreno-Hernandez, 397 F.3d 1248, 1255 and as amended, 419 F.3d at 909 (9th Cir. 2005).

Johnson relies upon United States v. Moreno-Hernandez, 419 F.3d 906 (9th Cir. 2005) wherein the defendant appealed his sentence imposed for illegal reentry into the United States after deportation. The Ninth Circuit addressed for purposes of sentencing computation the question of whether a federal defendant's previous State-law **conviction** constitutes a "felony" that is . . . a crime of violence" under §2L1.2(b)(1)(A)(ii) of the U.S. Sentencing Guidelines. There, the prior conviction was an assault in the fourth degree under Oregon law, normally a Class A misdemeanor punishable by no more than one year in prison, but a Class C felony punishable by up to five years' imprisonment when committed in the presence of the victim's minor child . The Ninth Circuit reasoned that because of the presence of the victim's minor child during the assault, Moreno-Hernandez's offense was a "felony" only if the minor child enhancement was pertinent in determining whether his "conviction" was for a "felony." Moreno-Hernandez argued that the federal district court should have looked not to the statutory maximum sentence for the offense, but to the maximum sentence available under the Oregon sentencing guidelines. He

3-01-cr-00035-JWS-JDR JOHNSON @42&49 AMENDED RR Re Petition to Revoke Supervised Release.wpd

5

AMENDED RR@42-49 Petition for Revocation of Supervised Release
3-01-cr-00035-JWS-JDR    Signed by Judge John D. Roberts    05/09/2006; Page 5 of 9

argued that because he could not have been sentenced for his Assault 4th degree conviction to more than the maximum specified by the Oregon guidelines, his conviction was not for a "felony." He relied upon Blakely v. Washington, 542 U.S. 296 (2004) as altering the maximum possible sentence at the time of his 1999 Oregon State conviction.

The Ninth Circuit recognized that Oregon law had changed in light of Blakely so that any sentence in excess of the presumptive range in the State guidelines is now considered unconstitutional unless based on facts found a jury or a prior conviction. 419 F.3d at 915. The court in Moreno-Hernandez specifically stated it was not answering the question as to how §2L1.2 would apply in a case where the statutory maximum for a prior conviction was greater than one year, but the maximum actual sentence that could lawfully be imposed at the time of the conviction was less than one year. *Id.*

The allegation at issue in the Petition to Revoke Johnson's Supervised Release is a violation of the mandatory condition of supervision that Johnson not commit another state crime. A violation of this condition may be charged whether or not the defendant has been prosecuted by the State for such conduct. Commentary Note No. 1, U.S.S.G. §7G1.2. "The grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant

3-01-cr-00035-JWS-JDR JOHNSON @42&49 AMENDED RR Re Petition to Revoke Supervised Release.wpd

6

AMENDED RR@42-49 Petition for Revocation of Supervised Release
3-01-cr-00035-JWS-JDR    Signed by Judge John D. Roberts    05/09/2006; Page 6 of 9

is convicted in a criminal proceedings." *Id.* The commentary makes it clear that the grade of the violation is based on the defendant's actual conduct.

Whereas <u>Rios-Beltran</u> would preclude the use of Johnson's conviction as a "felony" for sentencing under guideline §2L1.2, the guideline for supervised release revocation, §7B1.1(a)(1)allows the court to classify the conviction as a Grade A violation if the **conduct** constituted an offense "punishable by a term of imprisonment exceeding one year" and is "a crime of violence."   For purposes of revocation of supervised release, the federal trial court focuses on the conduct not the maximum sentence available under the Oregon sentencing guidelines.  <u>Blakely</u> does not apply to sentencing or revocation of supervised release.  The presence of the minor child is a part of the offense for which Johnson was convicted in the Oregon court; it was not an enhancement imposed based upon his legal criminal history or recidivism.

<u>Rios-Beltran</u> holds that a defendant's prior Oregon state conviction for assault 4th degree in the presence of a minor was a crime "punishable by more than one year's imprisonment under applicable state or federal law," because the maximum sentence was a term of five years, even though under the Oregon sentencing guidelines the defendant's actual maximum possible term of imprisonment was 90 days. *Id.* at 1207.  The issue whether <u>Blakely</u> changed this holding or how §2L1.2 would apply in a case where the statutory maximum for a

3-01-cr-00035-JWS-JDR JOHNSON @42&49 AMENDED RR Re Petition to Revoke Supervised Release.wpd

7

AMENDED RR@42-49 Petition for Revocation of Supervised Release
3-01-cr-00035-JWS-JDR   Signed by Judge John D. Roberts   05/09/2006; Page 7 of 9

prior conviction was greater than one year, but the maximum actual sentence that could lawfully be imposed at the time of conviction was less than one year) was presented in United States v. Murillo, 422 F.3d 1152 (2005).  The Murillo court held that the maximum sentence that makes a prior conviction under state law for a predicate offense under 18 U.S.C. § 922(g)(1) remains after Blakely, the potential maximum sentence defined by the applicable state criminal statute, "not the maximum sentence which could have been imposed against the particular defendant" under the state's sentencing guidelines.  Taking guidance from Murillo, I conclude that Johnson's conviction for assault 4th degree witnessed by a minor child was for an offense punishable by a term of imprisonment of more than one year.  Johnson's violation of supervised release should be treated as a Class A violation.

   The recommendation is supplemented accordingly.  In all other respects, the initial recommendation is incorporated as part of the amended recommendation on the pending petition revoking supervised release.  Because this recommendation addresses a new issue the parties shall have an opportunity to file objections directed only to the content of this document.

   DATED this 9th day of May, 2006, at Anchorage, Alaska.

                /s/ John D. Roberts
                JOHN D. ROBERTS
                United States Magistrate Judge

3-01-cr-00035-JWS-JDR JOHNSON @42&49 AMENDED RR Re Petition to Revoke Supervised Release.wpd

8

AMENDED RR@42-49 Petition for Revocation of Supervised Release
3-01-cr-00035-JWS-JDR  Signed by Judge John D. Roberts  05/09/2006; Page 8 of 9

Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON, Friday, May 19, 2006**, to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal.  McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981).  The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000).  Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers.  Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support.  Response(s) to the objections shall be filed on or before **NOON, Friday, May 24, 2006**.  The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

3-01-cr-00035-JWS-JDR JOHNSON @42&49 AMENDED RR Re Petition to Revoke Supervised Release.wpd

9

AMENDED RR@42-49 Petition for Revocation of Supervised Release
3-01-cr-00035-JWS-JDR          Signed by Judge John D. Roberts          05/09/2006; Page 9 of 9